UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOSE CUNI and HECTOR DOMINGUEZ,
on their own behalf and others similarly situated,

    Plaintiffs,

v.

AMERICAN SALES AND MANAGEMENT
ORGANIZATION, LLC, a Florida limited liability
company, and LIVAN ACOSTA, individually,

    Defendants.
_____/

## **COMPLAINT**

1.    Plaintiffs, JOSE CUNI and HECTOR DOMINGUEZ (hereinafter referred to as "Plaintiffs"), were employees of Defendants, AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC and LIVAN ACOSTA, individually, and bring this action on behalf of themselves and other current and former similarly situated employees for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2.    Plaintiffs were employees of Defendants, and performed their duties in Miami, Miami-Dade County, Florida, which is within the jurisdiction of this Court.

3.    Plaintiff JOSE CUNI worked for Defendants in the Cabin Cleaning department from October 2012 to February 2014.

4.    Plaintiff HECTOR DOMINGUEZ worked for Defendants in the Cabin Cleaning department from October 2012 to April 2014.

5.    Defendant, AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, is a Florida limited liability with its principal place of business in Miami, Florida.

6. At all times material hereto, LIVAN ACOSTA, was and is an individual resident of the State of Florida, who owns, manages, and/or operates AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC.  By virtue of such control and authority, LIVAN ACOSTA is an employer as such term is defined by the FLSA.  29 U.S.C. 201 et seq.

7. Defendants, AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC and LIVAN ACOSTA, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated employees at all material times, including without limitation, directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

8. This action is brought to recover from Defendants overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216 (b).

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

10. At all times pertinent to this Complaint, Defendant, AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, was an enterprise engaged in commerce or in the production of goods for commerce as defined by §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s), and had an annual gross sales volume in excess of $500,000.00.

11. Venue is proper pursuant to 28 U.S.C. §1391.  The Court has jurisdiction over the Defendants, and in regard to Plaintiffs and any other plaintiffs joining this lawsuit.

12. During Plaintiffs' employment, they worked as a non-exempt, hourly-paid Cabin Cleaners.

13. In the course of employment with Defendants, Plaintiff and other similarly situated employees were not paid time and one-half of their regular rates of pay for *all* hours worked in excess of forty (40) hours per week during one or more work weeks. Instead, Defendants engaged in the following practices: (a) automatically deducting thirty (30) minutes from the time Plaintiffs and similarly situated employees worked for a lunch break although they did not regularly take such bona fide meal breaks; and (b) only compensating Plaintiffs and similarly situated employees for the hours they were scheduled to work, although they frequently performed work before and after they scheduled shifts.

14. The additional persons who may become Plaintiffs in this action are current and former non-exempt, hourly-paid employees, however titled, who worked overtime hours during their employment with Defendants during or after June 2011, but were not compensated for all of those overtime hours because: (a) Defendants automatically deducted thirty (30) minutes from their time worked for a lunch break, although such bona fide meal breaks were not regularly taken; and/or (b) Defendants did not compensate them for work they performed before or after their scheduled shifts.

15. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-209, in that Plaintiffs and other similarly situated employees performed services for Defendants for which no provisions were made by Defendants to properly pay them for those hours worked in excess of forty (40) within a work week.

16. The records, if any, concerning the number of hours actually worked, and the compensation actually paid to Plaintiffs and other similarly situated employees are in the possession and custody of Defendants.

17. Plaintiffs have retained the undersigned counsel to represent him in this action. Pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorney's fees and costs incurred in this action.

18. Plaintiff demands a jury trial.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

19. Plaintiffs readopt and reallege the allegations contained in paragraphs 1 through 18 above.

20. Plaintiffs and all the other similarly situated employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

21. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiffs and all the other similarly situated employees have suffered damages, plus incurred costs and reasonable attorney's fees.

22. As a result of Defendants' willful violation of the Act, Plaintiffs and the other similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiffs, JOSE CUNI and HECTOR DOMINGUEZ, and other similarly situated employees, demand judgment against Defendants, AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC and LIVAN ACOSTA, jointly and severally, for the payment of all overtime hours at one and one-half times their regular rate of pay, liquidated

damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: June 24, 2014  
Boca Raton, Florida

Respectfully submitted,

/s/ Gregg Shavitz  
Gregg I. Shavitz  
Florida Bar No. 011398  
E-Mail: gshavitz@shavitzlaw.com  
Camar R. Jones  
Florida Bar No. 720291  
Shavitz Law Group, P.A.  
1515 South Federal Hwy, Suite 404  
Boca Raton, FL 33432  
Tel: 561-447-8888  
Fax: 561-447-8831

/s/ Andrew I. Glenn  
Andrew I. Glenn, Esq.  
E-Mail: aglenn@jaffeglenn.com  
Jodi J. Jaffe, Esq.  
E-Mail: jjaffe@jaffeglenn.com  
Jaffe Glenn Law Group, P.A.  
Lawrence Office Park  
Building 2, Suite 220  
168 Franklin Corner Road  
Lawrenceville, New Jersey 08648  
Tel (201) 687-9977  
Fax (201) 595-0308  
***Attorneys for Plaintiffs***