UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-22349-UU

JOSE CUNI and HECTOR DOMINGUEZ,

       Plaintiffs,

v.

AMERICAN SALES AND MANAGEMENT
ORGANIZATION, LLC, a Florida limited liability
company, and LIVAN ACOSTA, individually,

       Defendants.
_____/

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE REFERENCES TO AND EVIDENCE OF SPECIFIC IRRELEVANT AND PREJUDICIAL MATTERS

COME NOW, the Defendants, American Sales and Management Organization, LLC ("American Sales") and Livan Acosta ("Acosta") (collectively "Defendants"), by and through the undersigned counsel, and hereby move this Court for an Order in Limine precluding the Plaintiffs from referring to or offering any documentary evidence, testimony, or argument of counsel concerning the following topics:

    1.    "Me too" Evidence;

    2.    Alleged Emotional Distress;

    3.    Defendants' financial data and any statements relating to Defendants financial wherewithal or size;

    4.    Opinions by lay witnesses;

    5.    Pre-trial Proceedings; and

    6.    Specific Irrelevant and Prejudicial Comments.

Such evidence should be excluded because it is (1) irrelevant under Federal Rule of Evidence 401; (2) inadmissible under Federal Rule of Evidence 402; and (3) highly prejudicial under Federal Rule of Evidence 403.  Accordingly, the Defendants respectfully request that this Court enter an Order precluding Plaintiff, Plaintiffs' Counsel, and all of Plaintiffs' witnesses, as well as their counsel, and all of their witnesses, from referring to or commenting upon the above-listed topics, and from introducing any such evidence by way of documents or testimony without first obtaining leave of Court outside the presence and hearing of the jury.  The Defendants further request that this Court order Plaintiffs to so inform their respective witnesses and to strictly follow the Court's instruction.

**ARGUMENT**

Evidence relating to the topics listed above is inadmissible because it is not relevant.  The standard of relevancy is set forth in Federal Rules of Evidence 401, which defines relevant evidence as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Implicit in the definition of relevance are two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action.  *U.S. v. Hall,* 653 F.2d 1002 (5th Cir. Unit B 1981). Similarly, the Advisory Committee's Notes to Federal Rule 401 emphasize that "[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case."  As set forth in greater detail below, the above listed topics are irrelevant to matters at issue in this case and, therefore, should be excluded from evidence.

Even if evidence may be characterized as relevant, the evidence may still be inadmissible under Rule 403 of the Federal Rules of Evidence. Federal Rule of Evidence 403 authorizes a trial judge to exclude relevant evidence on a finding that it is prejudicial. Rule 403 specifically provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Courts have clearly established that "[o]nce it is determined that evidence has probative value but creates a danger of unfair prejudice, the trial judge must find that the danger of unfair prejudice substantially outweighs the probative value of the evidence before its exclusion will be warranted under Rule 403." *Crawford v. Edmondson,* 764 F.2d 479, 484 (7th Cir. 1985). In other words, unfair prejudice occurs when the evidence has the capacity of luring the factfinder into reaching a decision on a ground different from the proof specific to the claim asserted. See, *Old Chief v. U.S.,* 519 U.S. 172, 180, 117 S. Ct. 644 (1997); *Cook v. Hoppin,* 783 F.2d 684, 688 (7th Cir. 1986) (evidence is unfairly prejudicial if it induces a jury to decide a case on an improper basis, rather than on the evidence presented); *Walker v. NationsBank of Fla.,* N.A., 53 F.3d 1548, 1554-55 (11th Cir. 1995) (affirming exclusion of evidence under Rule 403 where evidence would shift jury's focus away from ultimate issue in case). Furthermore, "exclusion of evidence under Rule 403 is also important to avoid significant litigation on issues that are collateral to those required to be tried." *Sims v. Mulcahy*, 902 F.2d 524, 531 (7th Cir. 1990).

The assessment of the probative value of proffered evidence and weighing any factors counseling against admissibility, such as danger of unfair prejudice, is a matter first for the

district court's sound judgment. *Sprint/United Management Co. v. Mendelsohn*, U.S.2008, 128 S. Ct. 1140, 170 L.Ed.2d 1. Furthermore, as the Eleventh Circuit made clear in *United States v. Tinoco,* 304 F.3d 1088, 1120 (11th Cir. 2002), among other decisions, the Court has broad discretion to determine whether evidence is relevant and/or admissible or could lead to the discovery of admissible evidence. See also*, e.g., In re Ford Motor Co.,* 345 F.3d 1315, 1316 (11th Cir. 2003).

1. "Met too" Evidence: The Defendants anticipate that Plaintiffs may attempt to introduce evidence of Defendants' alleged failure to pay other employees overtime wages. Such evidence is inadmissible.

As an initial matter, the Eleventh Circuit has recognized that evidence of an employer's conduct towards another employee is not relevant to an individual claim of a violation of the fair employment statutes. *Anderson v. WBMG-42*, 253 F.3d 561 (11th Cir. 2001). The court explained that the probative value of such testimony would result in substantial prejudicial effect, and generate a "mini-trial" on collateral issues not related to the claim at issue. *Id*. Accordingly, such evidence is inadmissible. *See also, McWhorter v. City of Birmingham*, 906 F.2d 674 (11th Cir. 1990); *Brooks v. Scheib*, 813 F.2d 1191 (11th Cir. 1987).

Additionally, evidence of other alleged incidents of alleged violations of the FLSA is inadmissible "propensity" evidence under Federal Rule of Evidence 404(b). Said Rule provides that "evidence relating to a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion. . . ." The Rule further provides that "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." With limited exceptions, such

evidence is excluded because it tends to distract the trier of fact from the main question of what actually happened on a particular occasion, and "permits the trier of fact to reward the good man and "to punish the bad man . . . despite what the evidence in the case shows actually happened." (*Advisory Committee Notes*, on proposed rules, Fed. R. Evid. 404).  In the present case, Plaintiffs may seek to introduce evidence concerning alleged violations of the FLSA concerning individuals other than the Plaintiffs, and a generalized "perception" of FLSA violations, in an attempt to show that Defendants treated the Plaintiff in conformity with the alleged treatment of such other individuals. Such evidence, if admitted, would be for a purpose deemed improper under both Rule 404(a) and 404(b); moreover, it would unfairly prejudice Defendants.

Further, evidence of other alleged incidents of FLSA violations are inadmissible under Federal Rule of Evidence 403.  Any other instances of alleged FLSA violations, which involve persons other than the Plaintiffs, are clearly not admissible at the trial of this matter.  Such evidence is not relevant to any of the issues before the Court. Even if same were relevant, such evidence would still be inadmissible under Federal Rule of Evidence 403, which provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or considerations of undue delay, waste of time, or needless presentation of cumulative evidence."
In the case at bar, the probative value of the evidence regarding other alleged incidents of FLSA violations would be greatly outweighed by its unfair prejudicial effect. Moreover, the admission of such evidence would only serve to confuse the issues, mislead the jury, and create undue delay, and would have the substantial possibility of resulting in a verdict adverse to Defendants based solely on alleged acts that are not before the Court.

**COLE, SCOTT & KISSANE, P.A.**

1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

A.   Undue Prejudice

The probative value of evidence regarding other alleged incidents of FLSA violations, even if of the type alleged by Plaintiffs, is greatly outweighed by the danger of unfair prejudice and therefore is inadmissible. *See, generally, Eudy v. BWD Automotive Corp.*, 51 Fair Empl. Prac. Case (BNA) 724, 726 (N.D. Ga. 1989) (granting defendant's motion in limine excluding testimony relating to the termination and demotions of other employees, and ruling that"[t]he probative value of evidence of alleged incidents of discrimination against other employees would not outweigh the danger of unfair prejudice and confusion of the jury.")  In the case at bar, the slight probative value of evidence regarding other alleged incidents of FLSA violations is substantially outweighed by its unfair prejudicial effect.

B.   Confusion of the Issues

The central issue in this case is whether the Plaintiffs were subjected to FLSA violations. The focus of this case should *not* be on what Defendants may or may not have done to persons other than the Plaintiffs. To allow such evidence will only direct the jury's attention away from the central issues in this case, that is, whether Plaintiffs' FLSA rights were violated toward a totally irrelevant issue, that is, whether co-workers--who are non-parties--were subjected to FLSA violations or whether they had a "belief" that their rights under the FLSA were violated by the Defendants.

C.   Undue Delay and Waste of Time

Evidence regarding other alleged incidents of FLSA violations brought by non-parties should also be excluded because such evidence will create several mini-trials. Indeed, calling

non-party individuals as witnesses would involve the trial of numerous collateral issues concerning the circumstances surrounding those witnesses' experiences, not the Plaintiffs'. This can only distract the jury's attention away from the main issues of the case. *See, e.g., McWhorter v. City of Birmingham*, 906 F.2d 674 (11th Cir. 1990); *Anderson v. WPMG-42*, 253 F.3d 561 (11th Cir. 2001); *Shamley v. ITT Corp.*, 44 Fair Empl. Prac. Case (BNA) 1238, 1240 (S.D.N.Y. 1987). Moreover, to allow evidence regarding other alleged incidents of alleged FLSA violations would greatly increase the length of the trial. Defendants will inevitably have to call additional witnesses. Further, numerous exhibits, including personnel documents, job applications, and job descriptions will have to be admitted into evidence.

2. <u>Evidence of Alleged Emotional Distress</u>: The Defendants anticipate that Plaintiffs may attempt to introduce evidence of their alleged emotional distress. Such evidence is inadmissible. The FLSA provides a remedy for an employer's failure to pay overtime wages equal to up to double the shortfall of wages. The FLSA does not, however, provide for other damages. In 1977, Congress amended the FLSA to establish civil liability of an employer who fails to pay employees the minimum wages or overtime pay as mandated by the FLSA. 29 U.S.C. § 216(b). Section 216(b) of the FLSA provides that "Any employer who violates the provisions of [the FLSA] ... shall be liable to the ... employees affected in the amount of their ... unpaid overtime compensation ... and in an additional equal amount as liquidated damages." Only damages specifically set forth in the statute are recoverable. More specifically, emotional damages are not available under the FLSA. *See, Bolick v. Brevard County Sheriff's Dep't*., 937 F. Supp. 1560,1566 (M.D. Fla. 1996); *Hybki v. Alexander & Alexander, Inc*., 536 F.Supp. 483 (W.D. Mo. 1982). Under Federal Rule of Evidence 402, all relevant evidence is admissible.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. As the court in Bolick recognized, evidence concerning emotional damages is irrelevant in an action under the FLSA. *Bolick*, 937 F.Supp. at 1566. Thus, any evidence concerning Plaintiffs' alleged emotional distress is inadmissible and should be excluded in its entirety.

3.  <u>Defendants' Financial Data and any Statements Relating to the Defendants' Financial Wherewithal or Size</u>:  It is anticipated that Plaintiffs may offer evidence of, or comment upon, the Defendants' financial condition, or characterize the Defendants' size or financial worth.  Evidence of the Defendants' financial stature or size is not admissible for any purpose in this action, and would be offered only in an effort to prejudice the jury against the Defendants.

Courts have made it clear that evidence of a defendant's wealth or financial condition is irrelevant and immaterial to any facts at issue, thus preventing a party from making any such reference during trial.  See *Khan v. H & R Block Eastern Enterprises, Inc.,* 2011 WL 4715201, at * 2 (S.D. Fla., 2011).  Any attempt by Plaintiffs to introduce such evidence would be designed to entice the jury to draw unfair inferences regarding the relative wealth of the litigants and render a verdict based upon their emotions, rather than the material facts in the case.  Because such evidence will not assist the trier of fact in proving or disproving a material fact, it is irrelevant and should be excluded.  *See generally*, Federal Rules Evidence 401, 402.

Moreover, this Court has discretion to exclude such prejudicial evidence pursuant to Fed. R. Evid. 403.  Plaintiffs' only conceivable purpose in introducing evidence of the Defendants'

financial standing would be to highlight the comparative wealth and resources of the parties for the purpose of evoking an emotional bias against the Defendants. Courts across the country have recognized the unfair prejudicial effect of comparing the relative wealth of the parties. *Garcia v. Sam Tanksley Trucking, Inc.*, 708 F.2d 519, 522 (10th Cir. 1983) (finding that "reference to the wealth or poverty of either party, or reflection on financial disparity, is clearly improper argument" and that "[c]ounsel for plaintiffs clearly overstepped the bounds of proper argument by attempting to contrast [the defendant's] wealth with plaintiffs' poverty"); *Draper v. Airco. Inc.*, 580 F.2d 91, 95 (3d Cir. 1978) (finding that "[a]ppealing to the sympathy of jurors through references to financial disparity is improper."); *Peters v. N. Trust Co.*, 2001 U.S. Dist. LEXIS 13958, *3 (N.D. Ill. 2001) (granting motion in limine to exclude references to the plaintiff as "wealthy or a millionaire or other similar terms" because such labels could "unfairly prejudice [the plaintiff] in the eyes of the jury.").

Introduction of such evidence would do nothing except capitalize on the bias and prejudice of the jury. It is essential to avoid the risk that the jury's decision will be improperly motivated by the "deep pocket," or by any sentiment for a lone plaintiff doing battle against a large corporation or state agency funds, rather than by relevant, admissible evidence. *See, Garcia*, 708 F.2d at 522; *Draper*, 580 F.2d at 95. Plaintiffs should not be allowed to stress the comparative wealth of the parties and thereby divert the jury's attention from the true issues in the case. The admission of evidence regarding Defendants' financial status or size would create an atmosphere of bias and prejudice manifestly calculated to deprive the Defendants of a fair trial. Therefore, all such evidence should be excluded. *See generally*, Fed R. Evid. 403.

4.  <u>Opinions by Lay Witnesses</u>:  The Defendants anticipate that the Plaintiffs may attempt to introduce opinion evidence from lay witnesses regarding whether Defendants failed to compensate them for all hours worked in violation of 29 U.S.C. § 201 et. seq.  The Plaintiffs may also attempt to introduce opinion evidence from lay witnesses that the Plaintiffs have sustained certain damages, or that Defendants' alleged actions caused Plaintiffs' alleged damages.

Any such evidence is inadmissible opinion testimony from a lay witness on a legal issue and should be excluded.  Opinion testimony of a lay witness is only permitted if it is based upon what the witness has personally perceived.  Fed R. Evid. 701.  The evidentiary statute governing opinion testimony from lay witnesses provides that:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> 
> (a)  rationally based on the witness's perception;
> 
> (b)  helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> 
> (c)  not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.  The limited circumstances described in Federal Rule of Evidence 701 as justifying lay witness opinion testimony do not apply in this case.  Any evidence elicited from lay witnesses regarding whether and what duties the Defendants allegedly owed to the Plaintiffs or breached is necessarily inadmissible opinion testimony under Federal Rule of Evidence 701 because it is incapable of being personally perceived and requires special knowledge and skill which lay witnesses clearly lack.  Under these or similar circumstances, courts have consistently

excluded lay witnesses from offering opinion testimony.  See *Dijo, Inc. v. Hilton Hotels Corp.,* 351 F.3d 679,685 (5th Cir. 2003), (prohibiting lay opinion testimony of financial consultant for the plaintiff because his testimony "revealed that he had little significant actual knowledge about [plaintiff] and its operations"); *Shelley v. White,* 2010 WL 1904280, at * 1 (M.D. Ala., 2010) (prohibiting lay witness from testifying about plaintiff's violation of Westpoint's safety procedures as being the cause of the Plaintiff's fall is not admissible).  Therefore, lay witnesses clearly lack the requisite skill and specialized knowledge to testify regarding legal issues.

Accordingly, any opinion evidence elicited from lay witnesses regarding Defendants' alleged failure to compensate Plaintiffs for all hours worked in violation of 29 U.S.C. § 201 et. seq., is inadmissible and should be excluded.  It is clear that the probative value of such testimony is substantially outweighed by the danger of unfair prejudice to the Defendants.

5.  <u>Pretrial Proceedings</u>:  It is anticipated that Plaintiff may attempt to introduce evidence of pretrial proceedings in this action, including but not limited to disputes relating to discovery, motions filed and resistances thereto, settlement offers, or pretrial rulings.  However, courts have held that "pretrial conduct is generally irrelevant to the material issues of fact at trial and is thus inadmissible." *Infinite Energy, Inc., v. Econnergy Energy Company, Inc.*, 2010 WL 5814366 (N.D. Florida. 2010).  Moreover, under Florida law, the general rule is that "evidence related to the history of pre-trial discovery conduct should normally not be a matter submitted for the jury's consideration on the issues of liability." *Eugene Strasser, M.D., P.A. v. Bose Yalamanchi, M.D., P.A.*, 783 So.2d 1087, 1093 (Fla. 4th DCA 2001) (citations omitted).  Simply put, such pretrial proceedings have no tendency to prove or disprove any material facts in this

action, and are therefore irrelevant, and should be excluded. Federal Rules of Evidence 401, 402.

Moreover, the admission of evidence of pretrial proceedings would inject needless evidence into the case, confuse the issues, and likely mislead the jury. This certain harm substantially outweighs any minimal probative value the evidence might have and should be excluded. See, Fed. R. Evid. 403.

6. <u>Specific Irrelevant and Prejudicial Comments by Attorneys</u>: In addition to the foregoing, Defendants requests that the Court enter an Order holding that the following types of comments and statements shall not be admissible for any purpose or at any phase at or during the trial, including:

a) Plaintiffs' encouragement of the jury to "send a message" by its verdict to act as the community or to use its verdict to punish the Defendants. *Eagle-Picher Industries, Inc. v. Cox*, 481 So. 2d 517 (Fla. 3d DCA 1985); *Florida Crushed Stone Co. v. Johnson*, 546 So. 2d 1102 (Fla. 5th DCA 1989); *Brumage v. Plummer*, 502 So. 2d 966 (Fla. 3d DCA 1987), rev. den. 513 So. 2d 1062 (Fla. 1987); and

b) References to the Plaintiffs' religion, such as the Plaintiffs being "good Christians," or "religious people," or any other similar characterizations, the citation of bible passages, or any other religious references whatsoever, including attendance at religious services. Any such mention would be prejudicial to the Defendants and irrelevant.

**COLE, SCOTT & KISSANE, P.A.**

1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 – (561) 683-8977 FAX

WHEREFORE, Defendants respectfully move this Court for an order prohibiting any documentary evidence, testimony (expert or otherwise), and argument of counsel concerning any of the above listed matters.

>COLE, SCOTT & KISSANE, P.A.
>Attorneys for Defendants
>1645 Palm Beach Lakes Blvd., 2nd Floor
>West Palm Beach, Florida 33401
>Telephone: (561) 383-9200
>Facsimile: (561) 683-8977
>
>By: /s/ Nicole Wall
>     NICOLE WALL
>     FBN: 017430
>     Email: Nicole.Wall@csklegal.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 13th day of February, 2015, we electronically filed the foregoing document with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>By: /s/Nicole Wall
>     NICOLE WALL
>     FBN: 017430
>     E-Mail: Nicole.Wall@csklegal.com

**SERVICE LIST**
Gregg I. Shavitz, Esq.
Camar R. Jones, Esq.
Shavitz Law Group, P.A.
1515 S Federal Highway
Suite 404
Boca Raton, FL  33432
gshavitz@shavitzlaw.com
*Attorneys for Plaintiffs*
**VIA CM/ECF**