UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:14-cv-22349-UU

JOSE CUNI and HECTOR DOMINGUEZ,
on their own behalf and others similarly situated,

      Plaintiffs,

v.

AMERICAN SALES AND MANAGEMENT
ORGANIZATION, LLC, a Florida limited liability
company, and LIVAN ACOSTA, individually,

      Defendants.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO
EXCLUDE REFERENCES TO, AND EVIDENCE OF, SPECIFIC
IRRELEVANT AND PREJUDICIAL MATTERS**

      Plaintiffs, JOSE CUNI AND HECTOR DOMINGUEZ, respond as follows to Defendants'

Motion in Limine to Exclude References to and Evidence of Specific Irrelevant and Prejudicial

Matters ("Motion"):

**<u>Introduction</u>**

      If Defendants would have their way, evidence in this case would be limited to a very small

and narrow window of relevant facts. However, in order for the jury to decide all relevant aspects of

this case, it will need not just limited facts (considered favorable to Defendants), but *all* relevant

facts.  In their Motion, Defendants are asking this Court to make rulings on very broad evidentiary

issues, instead of providing specific testimony which Defendants contend should be excluded.  In

doing so, Defendants have asked the Court to exclude evidence that goes to the very heart of issues

that even Defendants have conceded in their pleadings need to be resolved by the trier of fact at trial.

Page **1** of **14**

Many of these issues could have been resolved had Defendants conferred with Plaintiffs' counsel before filing their Motion.  As outlined below, Defendants' Motion should be denied.

<u>**Memorandum of Law**</u>

I.       **Standard for Motion in Limine**

Trial judges are authorized to rule on motions in limine pursuant to the authority to manage trials and judges have broad discretion when ruling on such motions.  <u>Hodgetts v. City of Venice, Florida</u>, 2011 U.S. Dist. Lexis 61119, *3 (M.D. Fla. June 6, 2011) (citations omitted).  A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on *all* potential grounds.  <u>Id</u>.  A court excludes evidence via an order in limine only if the evidence is clearly inadmissible for *any* purpose. Id.  Where a motion in limine is vague because it fails to identify what specific evidence or testimony is sought to be excluded, the motion should be denied.  <u>Altheim v. GEICO General Insurance Co.</u>, 2011 U.S. Dist. Lexis 42313, * 4-5 (M.D. Fla. Apr. 14, 2011).

Here, in many instances, Defendants' Motion is overbroad and unclear as to what specific testimony Defendants are seeking to exclude.  <u>Id</u>.  It is simply impracticable, if not impossible, for the court to determine the relevancy of such vague references outside the context of trial.  <u>Stewart v. Hooters of America, Inc.</u>, 2007 U.S. Dist. Lexis 44056, *6-7 (M.D. Fla. June 18, 2007).  The Court can better revisit many of Defendants' objections to specific testimony at trial.  <u>Id.</u>*;* <u>see</u> <u>also</u>, <u>Altheim</u>*,* <u>supra</u>, at *5.

II.       **Defendants Motion Should Be Summarily Denied Because Defendants Failed to Confer with Plaintiffs' Counsel Before Filing Their Motion, Which is a Violation of This Court's Local Rules.**

Defendants' Motion violates Southern District of Florida Local Rule 7.1(a)3, which provides:

> Prior to filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit

maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, for garnishment or other relief under Federal Rule of Civil Procedure 64, or otherwise properly filed ex parte under the Federal Rules of Civil Procedure and these Local Rules, or a petition to enforce or vacate an arbitration award, counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so. If certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved. Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the violation, including a reasonable attorney's fee.

Further, this Court's Pretrial Scheduling Order [D.E. 20] did not relieve Defendants of their obligation to comply with Rule 7.1(a)3.

The Eleventh Circuit has previously noted that local rules have "the force of law." Cheshire v. Bank of America, NA, 351 Fed.Appx. 386, 388 (11th Cir. 2009) (citing Weil v. Neary, 278 U.S. 160, 169 (1929)). In this regard, the courts, including the former Fifth Circuit in a binding opinion, have issued strong language to the effect that a court's local rules are more than mere inconveniences, but rather must be obeyed. Trinos v. Quality Staffing Servs. Corp., 250 F.R.D. 696, 698 (S.D. Fla. 2008) (denying motion for protective order for violating the conferral requirement contained in Local Rule 7.1.A.3); Dyett v. North Broward Hosp. Dist., 2004 WL 5320628, *1 (S.D. Fla. 2004) (denying motion for attorneys fees for failing to follow Local Rule 7.3); Damon v.

<u>Fleming Supermarkets of Florida, Inc.</u>, slip op. (Case No. 97-0230-CIV-LENARD) (S.D. Fla. Jan. 9, 1999) (adopting report and recommendation of Magistrate Brown striking motion to tax costs from the record for defendant's failure to file certificate of conferral as required by Local Rule 7.3); <u>Longariello v. School Bd. of Monroe County</u>, 1996 LEXIS 21661, at *6 (S.D. Fla. 1996) (denying motion for summary judgment in part upon movant's failure to comply with Local Rule 7.5 by not filing a concise statement of facts); <u>Hoglund v. Limbach Constructors, Inc.</u>, 1998 LEXIS 8577 at *9-14 (S.D. Fla. 1998) (holding that a party's failure to comply with clear mandate of Local Rule 26.1.G.6(b) constituted waiver of party's privilege objection over production of her diary); <u>Beer Nuts, Inc. v. King Nut Co.</u>, 477 F.2d 326, 329-30 (6th Cir. 1973), *cert. denied*, 414 U.S. 858 (1973) (holding that the district court properly denied a motion to compel for failure to adhere to the requirement of the local rules that the moving party must "notify the court of its attempts to resolve the controversy"); <u>Wirtz v. Hooper-Holmes Bureau, Inc.</u>, 327 F.2d 939, 943 (5th Cir. 1964) (stating that "Local Rules for the conduct of trial courts are desirable and necessary, and such rules should not be ignored or declared invalid except for compelling reasons"); <u>Wiss v. Weinberger</u>, 415 F. Supp. 293, 294 n.4 (E.D. Pa. 1976) (stating that "non-compliance with any local rule is a practice to be *strongly condemned* and one which will be penalized if the circumstances warrant such action") (emphasis in original).

      Here, Defendants have not complied with the mandates of Rule 7.1(a)3. Indeed, Defendants did not even make an attempt to confer, as required by the Rule. Having not done so, Defendants' Motion should be summarily denied. As the Court will observe throughout this Response, many of the issues raised in this Motion are very simple issues, which could have been resolved had defense counsel made an effort to confer with Plaintiffs' counsel before filing the Motion.

**III.     The Evidence Defendants Refer to as "Me Too" Evidence is Essential to Proving Lack of Good Faith and Determining Whether Plaintiffs are Entitled to Liquidated Damages.**

When the jury finds an employer has violated the overtime provision of the FLSA and assesses compensatory damages, the District Court generally must add an award of liquidated damages in the same amount, which doubles the total damages awarded. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] ... shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation ... and in an additional equal amount as liquidated damages."); see also Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1566-67 (11th Cir.1991). There is, however, a good faith defense, which gives the court discretion to reduce or deny an award of liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260. The employer bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages. Dybach, 942 F.2d at 1566; Spires v. Ben Hill County, 980 F.2d 683, 689 (11th Cir.1993).

Courts that have addressed this issue have routinely held that evidence that a Defendant had been put on notice of prior FLSA litigation is relevant to the issue of good faith/liquidated damages. See Chao v. A-One Medical Services, Inc., 346 F.3d 908 (9th Cir. 2003) (finding that an employer's prior FLSA violations were relevant to the pending overtime case; Villegas v. Dependable Construction Services, Inc., Civ. No. 4:07–cv–2165, 2008 WL 5137321 at *27 (S.D.Tex.2008) (if violations in earlier FLSA litigation resemble those in later litigation, it is possible defendants had

knowledge they were violating statute in classifying plaintiffs as exempt).[1]

To the extent that Defendants argue that complaints or lawsuits did not result in them being found liable, the relevant inquiry is not whether Defendants were found liable, but instead, whether they were put *on notice* that their payroll practices may have violated the FLSA, and, if so, they had a duty to investigate. See Figueroa v. District of Columbia, 923 F.Supp.2d 159 (D. D.C.2013) (under the facts presented here, this Court believes that a reasonable jury could find that the District's failure to incorporate the Tech Pay into Plaintiffs' basic compensation was a willful violation of the FLSA; *prior litigation* and requests from Plaintiffs' counsel triggered the District's obligation to investigate its duties under FLSA).

To show Defendants' lack of good faith, Plaintiffs can present evidence that other employees complained to defendants that they (a) performed work before or after their shifts or (b) during their lunch breaks, for which they were not compensated, just the same way Plaintiffs are complaining in this case.  Plaintiffs will show that in response to their complaints and the complaints of other employees which put Defendants on notice of a potential violation of the FLSA, Defendants took no

---

1 The analysis for good faith and "willfulness" under the FLSA are similar. Courts considering the willfulness issue have also held that evidence of other lawsuits or complaints against the employer are relevant.  See Alvarez v. IBP, Inc., 339 F.3d 894, 2003 WL 21788995 (9th Cir. Aug. 5, 2003), 2003 U.S.App. LEXIS 15622, at *36 (noting that willfulness exists "where an employer disregarded the very possibility that it was violating the [FLSA]" (internal quotation marks omitted); Reich v. Bay, Inc., BBI, Inc., 23 F.3d 110, 117 (5th Cir.1994) (FLSA violation was deemed willful when the director of the local Wage and Hour board informed defendants' representative that overtime payment practices violated the FLSA and defendants continued the practices without further investigation); Brock v. Superior Care, Inc., 840 F.2d 1054, 1062 (5th Cir.1988) (an FLSA violation was willful when the employer had actual notice of FLSA requirements by virtue of its earlier violations where it had agreed to pay $32,000 in back pay and promised to comply with the FLSA in the future, as well as when a DOL compliance officer had told the employer that nurses were employees and not independent contractors. (emphasis added); see also Legasse v. Flextronics, LLC, 2012 WL 2357442 (D.R.I. 2012) (the fact that Defendant has previously been sued for unpaid overtime by a group of FTSs, and by a group of managers superior to FTSs, is supportive of a

steps with an "honest intention" to ascertain whether its compensation systems and practices were compliant with the FLSA.  Similarly, Plaintiffs can show through previous lawsuits that Defendants were on notice that their compensation practices violated the FLSA, but took no steps to determine whether their conduct was complaint with the statute.

As outlined above, this evidence on not mere "me too" evidence as Defendants would argue.  Instead, it is evidence that is directly relevant to Defendants eighth affirmative defense, and Plaintiffs' claim for liquidated damages.  By no means would this evidence confuse or prejudice the jury unduly because the testimony will make clear that it is being provided for the purpose of showing Defendants had no good faith basis for failing to properly compensate Plaintiffs, and were on notice of a potential FLSA violation, but did nothing to remedy it.  Further, the evidence would not cause undue delay or waste of time or distract the jury from any main issues in the case.  To the contrary, the evidence is relevant to good faith, which is a main issue in the case, and also an issue Defendants raised in the case by asserting their good faith defense.  Accordingly, Defendants' Motion on this issue should be denied.

### IV. Although Plaintiffs Are Not Seeking Damages for Emotional Distress, Their Feelings and State of Mind When They Complained About Not Being Paid Overtime is Relevant.

Defendants have made a very broad request for the Court to exclude any evidence of "emotional distress" that Plaintiffs may have experienced.  Defendants only vaguely make references to "emotional distress" and "emotional damages" in their Motion.  In the absence of any specific definition of "emotional damages" or "emotional damages", Plaintiffs can only assume that

---

plausible willfulness claim)..

Defendants intend to seek to exclude any references to Plaintiffs feelings or state of mind regarding Defendants refusal to properly compensate.

Plaintiffs' feelings about not being paid overtime is relevant to their credibility. As an initial matter, Plaintiffs affirmatively represent that they are not seeking to recover damages for emotional distress in this action. Plaintiffs have not alleged this in their pleadings, nor have they alleged in their responses to interrogatories, requests for production or requests for admissions that they are seeking such damages. However, an exchange similar to the following exchange is very common in FLSA trials, and is likely to occur in this case:[2]

> **Defense Counsel:** did you ever complain about not being compensated for all of your hours?
> **Witness:** Yes, I complained to the general manager.
> **Defense Counsel:** What was the response you received?
> **Witness:** I was told that the company only pays the hours that employees are scheduled to work.
> **Defense counsel:** Did you complain to anyone else?
> **Witness:** No.
> **Defense Counsel:** Why not?
> **Witness:** I felt that if the general manager said we only get paid for the hours we were scheduled, there was no one else with whom I could discuss the issue. I was upset about not being paid for all the hours I worked, but it did not seem as if anything would change.

Although Plaintiffs concede they will not be seeking damages for emotional distress, evidence relating to Plaintiffs' feelings or state of mind (such as the testimony above) will be relevant, at a minimum, to Plaintiffs' credibility. Further, without a specific representation that only testimony relating to a claim for emotional distress damages should be excluded, Plaintiffs cannot fully respond to this issue, and the Court cannot issue an informed ruling. For the foregoing reasons, Defendants' Motion on this issue should be denied. See Altheim, Stewart, supra.

---

2 In the absence of specific testimony which Defendants seek to exclude, Plaintiffs are providing

**V.  Defendants' Financial Data and Size Are Relevant to Enterprise Coverage, and Should Not Be Excluded.**

Before an employer can be held liable for unpaid overtime compensation under the FLSA, the employee has to prove that: (a) the employer was an enterprise engaged in interstate commerce; or (b) the employer was individually engaged in interstate commerce.  In this action, Plaintiffs are travelling under the enterprise coverage standard only.  <u>See</u> Complaint DE 1 at ¶ 10.

To determine whether an employer is an "enterprise engaged in commerce" as defined by the FLSA, a two part test is applied: (1) does the employer have two or more employees engaged in commerce or in the production of goods for commerce, or employees regularly and recurrently handling, selling or otherwise working on good or materials that have been moved in or produced for commerce by any person, and (2) does the employer have a gross annual volume of sales of not less than $500,000.  <u>Polycarpe v. E&S Landscaping Service, Inc.</u>, 616 F.3d 1217 (11th Cir. 2010); 29 U.S.C. §203(r)(1) and 203(s)(1).

In paragraph 10 of the Complaint, Plaintiffs alleged that "[a]t all times pertinent to this Complaint, Defendant, AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, was an enterprise engaged in commerce or in the production of goods for commerce as defined by §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s), and had an annual gross sales volume in excess of $500,000.00."  Complaint D.E. 1 at ¶ 10.  In their answer, Defendants denied the allegations in paragraph 10.  DE 15 at ¶ 10.  Further, when the parties prepared their Pretrial Stipulation, Defendants again asserted that one of the issues of law for determination by the Court is "whether American Sales and Management Organization, LLC was an enterprise engaged in interstate commerce as defined by the FLSA during Plaintiffs' employment." DE 37 at ¶ 8a.  Based on these

this hypothetical to demonstrate an instance in which similar evidence would be admissible.

assertions by Defendants, the enterprise coverage issue is still in dispute.

To determine whether Defendant, American Sales and Management Organization, LLC ("AMSO") is an enterprise engaged in commerce, the Court needs to analyze whether there were supplies, goods, and/or materials that were regularly "handled," "sold," and/or "otherwise worked on" by Defendants' employees that were produced or manufactured outside of Florida. Additionally, the Court has to look into AMSO's finances to determine whether it grossed $500,000.00 in revenue in the years at issue.   There is simply no way Plaintiffs will be able to establish enterprise coverage if they cannot provide evidence of AMSO's "financial wherewithal" (i.e. having earned over $500,000.00 in the years at issue) or "size" (i.e. conducting business in multiple states, and for multiple international airlines).  This evidence goes to the heart of the enterprise coverage issue. Therefore, Defendants' Motion on this issue must be denied.

**VI.     The Opinions of Lay Witnesses Should Be Permitted.**

Defendants have made a broad request to exclude opinions by lay witnesses. However, Defendants have not indicated what opinions these witnesses may provide that should not be presented to the jury.  In doing so, Defendants are asking the Court to limit any lay witness' ability to testify about his/her opinions based on his own observations and knowledge.  Under Federal Rule of Evidence 701, a lay witness may testify concerning those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony  or the determination of a fact in issue.  Agro Air Associates, Inc. v. Houston Casualty Company, 128 F.3d 1452 (11th Cir. 1997) (affirming District Court's admission of lay witness testimony because testimony was based on his own observation); see Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc., 630 F.2d 250, 263 (5th Cir.1980) (affirming District Court's

admission of deponent's testimony that he "understood" a business relationship to exist between his business partner and a representative of appellee, based on telephone conversations that he had overheard because the deponent's "inference was predicated upon conduct he observed personally, the inference is one that a normal person might draw from those observations, and it is an inference that the district court could, in its discretion, consider helpful in the determination of a disputed fact...."; <u>United States v. Myers</u>, 972 F.2d 1566, 1577 (11th Cir.1992) (finding that the police officer's opinion testimony about marks on an arrestee's back was 'rationally based upon [the officer's personal perception of the arrestee's back and the officer's nineteen years of experience on the police force').

It is completely foreseeable that in this action, like many other FLSA actions, the following exchange can take place:[3]

> **Defense counsel**: at what point did you feel that the company owed you money for the hours for which you are claiming in this case?
>
> **Plaintiff**: I was always aware that I was supposed to be paid time and a half of my regular rate of pay for any overtime hours I worked based on my experience working at other jobs.

What Defendants propose is that by giving an answer as simple as this, a witness would have committed such conduct that would result in a mistrial. This question and answer sequence is very common in FLSA cases when a plaintiff's credibility is being questioned, and for that reason, such testimony would be relevant in this case. If Defendants are aware of specific testimony they suspect Plaintiffs or witnesses may provide, that should have been asserted in their Motion. The parties

---

3 Again, in the absence of specific testimony which Defendants seek to exclude, Plaintiffs are providing this hypothetical to demonstrate an instance in which similar evidence would be admissible.

cannot address remotely possible testimony in a motion in limine.  It would be more appropriate to leave such matters for resolution at trial when an objection is made to such testimony.  For the foregoing reasons, Defendants' Motion on this issue should be denied.  See Altheim, Stewart, supra.

**VII.   Defendants' Request to Exclude Evidence Regarding Pretrial Matters Such As Discovery, Discovery Disputes, Motions Filed and Resistances Thereto, Settlement Offers and Pretrial Rulings is Too Broad to Be Addressed in a Motion in Limine.**

Defendants have made no effort to identify particular discovery, disputes, motions or pretrial rulings that could possibly be at issue here.  Instead, they have only made vague, general references to categories of testimony that should be excluded in this case, with no hint as to what this testimony could be.  On these grounds alone, the Motion should be denied.  See Hodgetts, Altheim, Stewart, supra.  Further, had these issues been addressed in the pre-filing conference pursuant to Local Rule 7.1, the issues could have been resolved, or at a minimum, narrowed.

Plaintiffs do not intend to present evidence of any settlement communications between the parties.  Certainly, if an issue arises at trial that relates back to Defendants' pretrial conduct, the jury should be permitted to hear it.  For example, if during discovery, Defendants contend that production of certain relevant discovery was burdensome, but then testifies at trial that such production would have been simple, Plaintiff should be permitted to present evidence of such pretrial conduct to attack Defendants' credibility.

**VIII.   Defendants' Vague Request That the Court Exclude Some "Types" of Irrelevant and Prejudicial Comments Should Be Denied Because They Lack Specifity As to *All* of the Particular References to Be Excluded, and Such Rulings Can Be Properly Resolved Through Trial Objections.**

Plaintiffs have no intention to present evidence that Plaintiffs are "good Christians" or "religious people", nor do they intend to present evidence of settlement discussions between the

parties.  However, Plaintiffs should be permitted to testify that they asserted this claim to "send a message" to Defendants that they should comply with the law. Indeed, that is one of the purposes of of the good faith inquiry and liquidated damages. Further, Plaintiffs' counsel should be permitted to argue in opening statement and closing argument that the jury should "send a message" to Defendants that their conduct is illegal and should not be tolerated.

However, Defendants have not represented in their Motion that these are the only references they seek to have excluded.  Instead, they represent that they are requesting that "the Court enter an Order holding that the following types of comments and evidence shall not be admissible … 'send a message'; 'good Christians'; 'good people'".  As phrased, this request indicates there may be similar testimony which Defendants wish to have excluded, but have not specified.  Plaintiffs' counsel cannot present argument on such testimony if all of the references are not outlined.  Similarly, the Court cannot rule on a motion in limine on these issues for the same reason.  These matters are more appropriate for objections and rulings at trial.  See Altheim, Stewart, supra.  Accordingly, Plaintiffs request that the Court deny Defendants' Motion on this issue.

## Conclusion

Motions in limine are not intended for Defendants to broadly request that the Court exclude facts that are relevant to this case so Defendants can only present the few facts that favor them. Throughout this Motion, Defendants have made vague references to evidence they wish to have excluded, but have not provided any specifics as to such evidence to permit Plaintiffs' counsel to present argument, and to allow the Court to make an informed decision when ruling.  Further, many of these issues are clearly more appropriate for resolution at trial, or could have been resolved or narrowed during a pre-filing conference between counsel for the parties.

WHEREFORE, Plaintiffs pray that this Court deny Defendants' Motion, and grant any other relief the Court deems just.

Dated: March 2, 2015                                    Respectfully submitted,

Boca Raton, Florida                                    **/s/ CAMAR R.  JONES**
                                                       Camar R. Jones
                                                       Florida Bar No. 720291
                                                       E-mail: cjones@shavitzlaw.com
                                                       SHAVITZ LAW GROUP, P.A.
                                                       1515 South Florida Hwy, Suite 404
                                                       Boca Raton, Florida 33432
                                                       Telephone:  (561) 447-8888
                                                       Facsimile:  (561) 447-8831
                                                       *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

**s/CAMAR  R. JONES**
Camar R. Jones

## SERVICE LIST
*Cuni and Dominguez v. American Sales and Management Organization, LLC*
*Case Number: 1:14-cv-22349-UU*
*United States District Court for the Southern District of Florida*

Nicole Wall, Esq.
Email: Nicole.Wall@csklegal.com
COLE, SCOTT & KISSANE, P.A.
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977

*Attorney for Defendants*