UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-22349-UU

JOSE CUNI and HECTOR DOMINGUEZ,

       Plaintiffs,

v.

AMERICAN SALES AND MANAGEMENT
ORGANIZATION, LLC, a Florida limited liability
company, and LIVAN ACOSTA, individually,

       Defendants.

_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE REFERENCES TO AND EVIDENCE OF SPECIFIC IRRELEVANT AND PREJUDICIAL MATTERS**

       COME NOW, the Defendants, American Sales and Management Organization, LLC ("American Sales") and Livan Acosta ("Acosta") (collectively "Defendants"), by and through the undersigned counsel, and hereby file this Reply to Plaintiff's Response to Defendants Motion in Limine to Exclude References To And Evidence Of Specific Irrelevant And Prejudicial Matters ("Response") as follows:

**ARGUMENT**

**I.     "Me too" Evidence**

       Plaintiff's Response alleges that "me-too" evidence of Defendants' alleged failure to pay other employees overtime wages is relevant and should be admissible "because it is relevant to the issue of good faith/liquidated damages." *See* Response at 5. Even if same were relevant, "me too" evidence does not meet Federal Rule of Evidence 401's relevancy threshold because it has no "tendency to make the existence of any fact  that is of consequence to the determination of the

action more probable or less probable than it would be without the evidence." Even if it is relevant under Rule 401, it should be excluded under Rule 403, because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Several circuits have held that "me too" evidence is irrelevant under Rule 401 of the Federal Rules of Evidence and that even if it were relevant, it should be excluded as more prejudicial than probative. *See Haskell v Kaman Corp,* 743 F.2d 113 (2d Cir 1984); *Wyvill v United Companies Life Insurance Co.,* 212 F.3d 296 (5th Cir 2000); *Schrand v Federal Pacific Electric Co.*, 851 F.2d 152 (6th Cir 1988); *Moorhouse v Boeing Co*, 501 F. Supp. 390, 393 (ED Pa 1980). Even the "strongest jury instructions," cannot dull "the impact of a parade of witnesses," each recounting their contention that Defendants failed to pay overtime wages. *See id.* at n. 4 Moreover, "testimony from former employees who had different supervisors than the plaintiff, who worked in different parts of the employer's company, or whose terminations were removed in time from the plaintiff's termination . . . cannot be probative." *Wyvill,* 212 F.3d 296 at 1885-86. Therefore, such evidence is inadmissible and should be excluded.

## II.    Evidence of Alleged Emotional Distress

Plaintiff's Response claims that "Plaintiffs' feelings about not being paid overtime is relevant to their credibility" and should therefore be admissible. *See* Response at page 8. However, the Response cites to no judicial authority in support of this contention. Additionally, Plaintiffs concede they will not be seeking damages for emotional distress. *Id.* at page 8. As such, there is no conceivable relevance to evidence of Plaintiffs' alleged emotional distress. *See Bolick v. Brevard County Sheriff's Dep't.*, 937 F. Supp. 1560, 1566 (M.D. Fla. 1996). As such,

- 2 -

any evidence concerning Plaintiffs' alleged emotional distress is inadmissible and should be excluded.

### III.   Defendants' Financial Data and any Statements Relating to the Defendants' Financial Wherewithal or Size

Plaintiffs allege that Defendants' financial data and size should be admissible because the information is "relevant to enterprise coverage." *See* Response at page 9. The issue of whether American Sales and Management Organization, LLC was an enterprise engaged in interstate commerce as defined by the FLSA during Plaintiffs' employment is an issue of law for determination by the Court, not an issue for the jury to decide. *See generally, Circa Ltd. v. City of Miami*, 79 F.3d 1057, 1064 (11th Cir. 1996) (stating that a question of law is not within the province of a jury). Such evidence would do nothing except capitalize on the bias and prejudice of the jury with respect to the "deep pocket." Therefore, all such evidence should be excluded.

### IV.   Opinions by Lay Witnesses

Plaintiffs assert that "Defendants have not indicated what opinions these witnesses may provide that should not be presented to the jury." *See* Response at 10. To the contrary, Defendants' Motion in Limine specified that the following opinion testimony from lay witnesses on legal issues should be excluded:

1) whether Defendants failed to compensate Plaintiffs for all hours worked;

2) that Plaintiffs have sustained certain damages; or

3) that Defendants' alleged actions caused Plaintiffs' alleged damages.

*See* Defendant's Motion in Limine at page 10. The above testimony is highly foreseeable in this action and cannot in any way be considered mere "remotely possible testimony" as alleged by Plaintiffs. *See id*. at 11. Lay witnesses clearly lack the requisite skill and specialized knowledge

- 3 -

to testify regarding legal issues. Accordingly, any opinion evidence elicited from lay witnesses regarding the above issues is inadmissible and should be excluded. *See* Fed. R. Evid. 701.

## V.      **Pretrial Proceedings**

It is Plaintiffs' position with respect to evidence of pretrial proceedings that Defendants "have only made vague, general references to categories of testimony that should be excluded in this case." *See* Response at 12.  However, it is the Plaintiffs who have made vague, general references with respect to this issue. Specifically, Plaintiffs contend they should be permitted to present evidence of pretrial matters "if an issue arises at trial that relates back to Defendants' pretrial conduct." *Id*. Plaintiff's hypothetical is not a sufficient basis for allowing said evidence. In this regard, the general rule is that "[e]vidence related to the history of pre-trial discovery conduct should normally not be a matter submitted for the jury's consideration on the issues of liability." *Amlan, Inc. v. Detroit Diesel Corp.*, 651 So.2d 701, 703 (Fla. 4th DCA 1995) (citations omitted). An exception exists, however, in cases "in which the misconduct alleged is the destruction or unexplained disappearance of crucial evidence." *Id*. at 703. Here, the exception does not apply. Accordingly, evidence of pretrial proceedings should be excluded in their entirety.

## VI.      **Specific Irrelevant and Prejudicial Comments by Attorneys:**

Plaintiffs contend they should be permitted to testify that they asserted this claim to "send a message" to Defendants and that Plaintiffs' counsel should be permitted to argue in opening statement and closing argument that the jury should "send a message" to Defendants that their conduct is illegal and should not be tolerated. *See* Response at 12-13. Under no circumstances should Plaintiffs or their counsel be permitted to "bring to bear upon the jury's deliberations" the

- 4 -

"attendant social consequences" of defendant's conduct or urge the jury to punish Defendants "in an effort to ameliorate society's woes." *See United States v. Solivan*, 937 F.2d 1146, 1154 (6th Cir. 1991). Such rhetoric is "designed to arouse and inflame the jury" to return a verdict based on passion and prejudice. *United States v. Sanchez*, 659 F.3d 1252, 1259 (9th Cir. 2011). Any such mention would be highly prejudicial to the Defendants and irrelevant.

WHEREFORE, Defendants respectfully move this Court for an order prohibiting any documentary evidence, testimony (expert or otherwise), and argument of counsel concerning any of the above listed matters.

> COLE, SCOTT & KISSANE, P.A.
> Attorneys for Defendants
> 1645 Palm Beach Lakes Blvd., 2nd Floor
> West Palm Beach, Florida 33401
> Telephone: (561) 383-9200
> Facsimile: (561) 683-8977
>
> By: /s/ Nicole Wall
>     NICOLE WALL
>     FBN:  017430
>     Email: Nicole.Wall@csklegal.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 12th day of March, 2015, we electronically filed the foregoing document with the Clerk of Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic

Case No. 1:14-cv-22349-UU

Filing generated by CM/ECF or in some other authorized manner for those counsel or parties

who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/Nicole Wall
NICOLE WALL
FBN:  017430
E-Mail: Nicole.Wall@csklegal.com

**SERVICE LIST**
Gregg I. Shavitz, Esq.
Camar R. Jones, Esq.
Shavitz Law Group, P.A.
1515 S Federal Highway
Suite 404
Boca Raton, FL  33432
gshavitz@shavitzlaw.com
*Attorneys for Plaintiffs*
***VIA CM/ECF***

- 6 -

**COLE, SCOTT & KISSANE, P.A.**

1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX