UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-22349-Otazo-Reyes

JOSE CUNI and HECTOR DOMINGUEZ,
on their own behalf and others similarly situated,

                Plaintiffs,

v.

AMERICAN SALES AND MANAGEMENT
ORGANIZATION, LLC, a Florida limited liability
company, and LIVAN ACOSTA, individually,

                Defendants.

_____/

## PARTIES' JOINT MOTION FOR APPROVAL OF
## SETTLEMENT AND STIPULATION OF DISMISSAL

Plaintiffs, JOSE CUNI and HECTOR DOMINGUEZ, (collectively referred to as "Plaintiffs"), and Defendants, AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC ("ASMO") and LIVAN ACOSTA (collectively referred to as "Defendants"), hereby move for an Order approving the parties' settlement.  In further support of their Motion, the parties state as follows:

### Background

1.   Plaintiffs, JOSE CUNI and HECTOR DOMINGUEZ, filed this action for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") in June 2014.

2.   Plaintiff, JOSE CUNI, was employed by Defendants from October of 2012 to December of 2013.   During Mr. Cuni's employment, his hourly rate of pay was $13.82.

3.   Plaintiff, HECTOR DOMINGUEZ, was employed by Defendants from October 2012 to April 2014.  During Mr. Dominguez's employment, his hourly rate of pay was $14.01.

Case No. 1:14-cv-22349-Otazo-Reyes

4. Plaintiffs alleged that during their employment, Defendants violated the FLSA by: (a) automatically deducting a thirty (30) minute lunch break from the hours they worked although they frequently worked through lunch; and (b) only compensating them for the hours they were scheduled to work, although they frequently performed work before and after their shifts.

5. Defendants denied all liability to Plaintiffs, and contended that Plaintiffs were properly compensated for all hours that they worked, which they recorded themselves on daily time logs.   Specifically, Defendants asserted that Plaintiffs filled out and signed daily logs, wherein they listed the times that they started and stopped working each day, and noted if they did not take a lunch break.   Defendants contended that if Plaintiffs worked through their lunch breaks, they were credited and paid for the half hour that was initially deducted, and Plaintiffs were paid for all hours recorded on their logs.  Therefore, it is Defendants' position that Plaintiffs were not entitled to any overtime compensation.

6. The parties engaged in discovery, which included: (a) Requests for Production, Requests for Admissions and Interrogatories served by Defendants on each Plaintiff; (b) exchange of hundreds of pages of documents, including time records, compensation records, exception logs and company policies; and (c) full-day depositions of each of the Plaintiffs, and the deposition of individual defendant, Livan Acosta.

7. Discovery uncovered numerous discovery disputes, including: (a) whether Plaintiffs performed work during their lunch breaks, such that they would be entitled to compensation for performing that work; (b) whether Plaintiffs performed work before and/or after their scheduled shifts, and whether that time was compensable;  (c) the approximate  number of alleged

Case No. 1:14-cv-22349-Otazo-Reyes

uncompensated overtime hours the Plaintiffs worked during their employment; and (d) whether Plaintiffs were exempt from the overtime provisions of the FLSA pursuant to the Railway Labor Act.

8.    The time records Defendants produced reflected the times that Plaintiffs punched in and out each day, which included entries showing Plaintiffs arriving before their scheduled start times, departing after their scheduled departure times, and having 30 minutes deducted for a lunch break.  Plaintiffs contended that on those occasions, they began working as soon as they punched in, worked past their scheduled departure times, and worked through their lunch breaks, but were only paid based on the times they were scheduled to work.  Defendants contended that Plaintiffs voluntarily arrived early to work, did not begin working as soon as they punched in, and, instead, sat in the break room socializing and watching television until the time they were assigned to start their shifts, which was when their crew chiefs arrived and gave them their assignments, enabling them to start their work.  Likewise, Defendants contended that Plaintiffs stopped working prior to punching out.  Defendant's records reflected that Plaintiffs signed daily exception logs listing the times that they started and stopped working each day.  Defendant's records reflected that Plaintiffs were paid for all such time reflected in the daily logs. Defendants further contended that Plaintiffs personally made "no break" notations on their daily logs when they missed their lunch break.  Defendant's records reflected that Defendant paid Plaintiffs for all missed lunch breaks noted on the logs.

9.    The parties attended mediation.   Notwithstanding the numerous fact disputes uncovered by discovery, the parties were able to resolve Plaintiffs' claims.

Case No. 1:14-cv-22349-Otazo-Reyes

10.   The parties reviewed the time and compensation records that Plaintiffs completed. From those records, if the parties assumed that Plaintiffs were not compensated for all of the hours they worked during their employment, credited Plaintiffs for the alleged uncompensated lunch breaks, and credited Plaintiffs for the work they alleged they performed before and after their shifts for which they alleged they were not compensated, Hector Dominguez would be owed approximately One Thousand Two Hundred and 00/100 Dollars ($1,200.00) in overtime wages, and Jose Cuni would be owed approximately One Thousand Three Hundred and 00/100 Dollars ($1,300.00) in overtime wages.

11.   Pursuant to the parties' settlement agreement, Plaintiffs will be compensated as follows:

    a.   Two Thousand Three Hundred and 00/100 Dollars ($2,300.00) to Plaintiff, HECTOR DOMINGUEZ, inclusive of One Thousand One Hundred Fifty and 00/100 Dollars ($1,150.00) in alleged unpaid overtime wages, and One Thousand One Hundred Fifty and 00/100 Dollars ($1,150.00) in liquidated damages; and

    b.   Two Thousand Five Hundred and 00/100 Dollars to Plaintiff, JOSE CUNI, inclusive of One Thousand Two Hundred Fifty and 00/100 Dollars ($1,250.00) in alleged unpaid overtime wages, and One Thousand Two Hundred Fifty and 00/100 Dollars ($1,250.00) in liquidated damages.

12.   Despite the disputed issues, each Plaintiff is receiving close to the full extent of damages he could reasonably claim, in addition to an equal amount as liquidated damages.  This represents close to the full extent of the damages Plaintiffs could recover at trial if this case proceeded that far and they prevailed.

Case No. 1:14-cv-22349-Otazo-Reyes

13.   As a part of the settlement, Jaffe Glenn Law Group, P.A. and Shavitz Law Group, P.A. ("Plaintiffs' counsel") are receiving One Thousand Nine Hundred Fifty and 00/100 Dollars ($1,950.00) in costs, and a discounted attorneys' fee and cost award in the amount of Eighteen Thousand Fifty and 00/100 Dollars ($18,050.00) for representing Plaintiffs.  Plaintiffs' counsel represents that such attorneys' fee award represents approximately 40% discount from the actual attorneys' fees incurred in representing Plaintiffs.  This work includes, but is not limited to: (a) preparation of pleadings; (b) preparation of written discovery to Defendants; (c) responding to written discovery from Defendants for each Plaintiff; (d) attending the depositions of the Plaintiffs and Defendant; (e) preparation and filing of Motions; (f) interviewing of clients, reviewing documents produced by Defendants relating to Plaintiffs' claims; (g) preparing the pretrial stipulation; and (h) negotiating the terms of the settlement to each of the Plaintiffs.

## MEMORANDUM OF LAW

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect.  Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982).   As the Eleventh Circuit held in Lynn's Food,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

Id. at 1352-53.

Case No. 1:14-cv-22349-Otazo-Reyes

The sums being paid to Plaintiffs under the settlement agreement compensate them nearly in full for the additional hours they contend they worked.  Had the parties not resolved Plaintiffs' claims, it would have resulted in additional litigation until the case went to trial.  This additional litigation would mean additional expenses for the parties, which could be more than double the amount for which the parties' have resolved this case.  Each party was at risk for not prevailing at trial.  Therefore, it was in the best interest of all parties to resolve the claims as outlined in the settlement agreement.  Further, Plaintiffs are receiving nearly all of the compensation they could have received had this case proceeded to trial and they prevailed, without attending a trial. Therefore, the settlement is fair and reasonable.

The attorneys' fees being paid by Defendants under the parties' settlement are in full satisfaction of all attorneys' fees allegedly owed to Plaintiff's Counsel, and Plaintiffs have no further obligation to Plaintiffs' Counsel for any additional attorneys' fees.  Further, Plaintiffs' counsel represents that the attorneys' fee award represents a 40% reduction from the actual attorneys' fees and costs incurred by Plaintiffs' counsel.   The settlement reached in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Plaintiffs and Defendants.  To this end, both Plaintiffs and Defendants have at all times been represented by competent counsel experienced in the litigation of FLSA claims.

Based upon the facts and circumstances of this case, the parties jointly advise the Court that the amounts Defendants have agreed to pay under the terms of the parties' Settlement Agreements are fair and reasonable, and the parties therefore respectfully submit that the parties' Settlement should be approved by the Court consistent with precedent, including Lynn's Food, 679 F.2d at 1353.

Case No. 1:14-cv-22349-Otazo-Reyes

WHEREFORE, the parties pray that the Court will enter an Order approving the parties'

settlement and granting any other relief the Court deems just.

Respectfully submitted this 14th of May, 2015.

SHAVITZ LAW GROUP, P.A.            COLE, SCOTT & KISSANE, P.A.
Attorneys for Plaintiffs               Attorneys for Defendants
1515 S Federal Highway, Suite 404      1645 Palm Beach Lakes Blvd., 2nd Floor
Boca Raton, FL  33432                West Palm Beach, FL 33401
Telephone: 561-447-8888              Telephone: 561)-383-9200
Facsimile:  561-447-8831             Facsimile:   561-683-8977

By:_____/s/ Camar R. Jones_____       By:__/s/ Nicole Wall_____
     CAMAR R. JONES                    NICOLE WALL
     FBN: 720291                       FBN: 017430
      E-Mail: cjones@shavitzlaw.com       E-Mail:  nicole.wall@csklegal.com